## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Gregory Scott Warren | ) | Case No.: 18-81847-CRJ-7 |
| SSN: xxx-xx-0233 | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

### MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

COMES NOW Tazewell T. Shepard, Trustee of the estate of the above-captioned Debtor ("Trustee"), and respectfully represents that he has reached an agreement with Smith Family Tire, Wholesale, Inc. ("Defendant") to settle and compromise the claims and disputes involved in a wrongful discharge claim (the "Claim"). As grounds for this motion, the Trustee states the following:

### I. Background

1. On June 22, 2018 (the "Filing Date"), Gregory S. Warren (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. " 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "Bankruptcy Court").

2. On June 25, 2018, Tazewell T. Shepard was appointed to serve as the Chapter 7 Trustee.

3. The Debtor's Chapter 7 Estate includes a claim by the Debtor for wrongful discharge against Defendant Smith Family Tire Wholesale, Inc.

4. The Defendant disputes the claims asserted, which has resulted in extensive negotiations between the parties.

5. The Trustee was recently informed that a potential settlement of the Claim had been reached which would result in the Bankruptcy Estate receiving proceeds for a distribution to creditors.

### II. Jurisdiction and Notice

6. The Trustee brings this motion for approval of compromise and settlement (this "Motion") pursuant to § 105 of the Bankruptcy Code and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). This Motion is a contested matter under Bankruptcy Rule 9014.

7. The Bankruptcy Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

8. Pursuant to Bankruptcy Rule 2002, the Trustee proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

9. Pursuant to Bankruptcy Rule 2002, the Trustee proposes that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

### III. Agreement for Compromise and Settlement

10. The agreement by and between the Trustee and Defendant to resolve all issues involved in the underlying civil action is as follows:

    a. Defendant will pay to the Trustee the total sum of Fifty Thousand Dollars ($50,000.00).

    b. Upon receipt of the settlement funds from Defendant, and upon approval of this motion, the Trustee will make an immediate payment to special counsel, O'Neil & Kilgo in the amount of $8,333.25 for attorneys' fees and $1,511.74 for costs, and Guin, Stokes & Evans, LLC in the amount of $8,333.25 for attorneys' fees and $796.85 for costs, for a total of $16,666.50 in attorneys' fees, and $2,308.59 in total costs incurred by the two firms in the filing and prosecution of Debtor's underlying claims and their successful negotiation of settlement of the underlying claims.

    c. Trustee estimates that the Bankruptcy Estate will receive approximately $31,024.91 in net proceeds from the settlement, which will be available to pay the allowed expenses and claims of the Bankruptcy Estate.

    d. Defendant will forfeit any claim to and will not share in any distribution of the funds paid to the Trustee under this agreement.

    e. All liens, suits, claims and counterclaims by the Trustee (and his successors and assigns) against Defendants arising out of or otherwise related to the matters described herein shall be released by the Trustee in all respects upon approval of this Motion by the Bankruptcy Court.

### IV. Business Justification for Compromise and Settlement

11. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises and settlements. The approval or rejection of a compromise is left to the sound discretion of the bankruptcy court, and is to be determined by the particular circumstances of each proposed compromise. The term "sound discretion" denotes the absence of a hard-and-fast rule. When invoked as a guide to judicial action, it means a decision giving due regard to what is right and equitable under the particular circumstances of the case and applicable law. Langes v. Green, 282 U.S. 531, 541 (1931).

12. The courts have supplied the following criteria when determining the acceptability of a proposed compromise:

      (i)      The probability of success in the litigation;

      (ii)     The complexity of the litigation involved; and

      (iii)    The expense, inconvenience, and delay necessarily attending the litigation (including the possibility that denial of the settlement will cause the depletion of assets).

Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11th Cir. 1990) and In re Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980). See also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968). The court is required to decide whether the settlement falls below the lowest point in a range of reasonableness. Anacona-Ericsson v. Hennson (In re Teletronics Services, Inc.), 762 F.2d 185, 187-89 (2d Cir. 1985) (quoting Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir. 1983), cert denied 464 U.S. 822 (1984)).

13. Although the parties each believe strongly in their respective claims and defenses, each also recognizes the risks inherent in any litigation.

14. A settlement of this disputed claim in accordance with this Motion will result in the resolution of these claims and receipt of payment by the Trustee on a more expedited basis than would be the case if protracted litigation ensued. The settlement of the claim will also minimize the Trustee's administrative costs.

15. The proposed compromise and settlement is consistent with the intent and the requirements of the Bankruptcy Code. The settlement proceeds described herein shall, after payment of all costs and expenses of the Trustee, be used to pay a portion of the allowed claims of creditors of the estate.

16. This settlement and compromise is proposed in good faith and is the product of arms-length negotiations that have occurred between the parties over an extended period of time.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Bankruptcy Court enter an order:

A. Approving the compromise and settlement by and between the Trustee and Defendant in accordance with the terms of this Motion;

B. Authorizing the Trustee to execute and deliver any and all other documents which may be necessary or appropriate to effectuate the compromise and settlement described herein;

C. Granting such further and different relief as the Bankruptcy Court may deem just and appropriate.

Respectfully submitted this the 19th day of December, 2021.

          */s/ Tazewell T. Shepard*
          Tazewell T. Shepard
          *Trustee in Bankruptcy*
          **SPARKMAN, SHEPARD & MORRIS, P.C.**
          P.O. Box 19045
          Huntsville, AL 35804
          Tel: (256) 512-9924
          Fax: (256) 512-9837

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon the below listed parties and upon those parties as found on the Clerk's Certified Matrix by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid this the 19th day of December, 2021.

| | |
|---|---|
| Josh O'Neal, Esq. | Gregory Scott Warren |
| *Attorney for Debtor* | *Debtor* |
| 200 Second Ave, SW. | 452 County Road 223 |
| Cullman, AL  35055 | Cullman, AL  35057 |
| | |
| Rex W. Slate, Esq. | Smith Family Tire Wholesale |
| *Special Counsel* | *Defendant* |
| Guin, Stokes & Evans, LLC | c/o Timothy Smith |
| 300 N. Richard Arrington, Jr., Blvd | 315 Main Street, NW |
| Title Bldg., Ste. 600 | Hanceville, AL  35077 |
| Birmingham, Alabama 35203 | |
| | |
| Richard M. Blythe, Esq. | |
| *Bankruptcy Administrator* | |
| P.O. Box 3045 | |
| Decatur, AL 35602 | |

          */s/ Tazewell T. Shepard*
          Tazewell T. Shepard, Trustee